# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/29/2026
CT Log Number 551230971

## Service of Process Transmittal Summary

**TO:** Michael McDonald, Principal
Clean Harbors, Inc.
42 Longwater Dr
Norwell, MA 02061-1612

**RE:** **Process Served in Ohio**

**FOR:** Clean Harbors, Inc. (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | 4900 LLC vs. CLEAN HARBORS, INC. |
| **CASE #:** | A2600372 |
| **PROCESS SERVED ON:** | C T Corporation System, Columbus, OH |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 01/29/2026 |
| **JURISDICTION SERVED:** | Ohio |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Michael McDonald mcdonaldm@cleanharbors.com |
| | Email Notification, Brad Carl carl.brad@cleanharbors.com |
| | Email Notification, Monica Murphy-Rodgers MURPHYMO@CLEANHARBORS.COM |
| | Email Notification, Ilinca Butnariu butnariu.ilinca@cleanharbors.com |
| | Email Notification, Kayla O'Keefe okeefe.kayla@cleanharbors.com |
| | Email Notification, Margaret Brock brock.margaret@cleanharbors.com |
| | Email Notification, Stacey Sigal sigal.stacey@cleanharbors.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

PAVAN PARIKH
COUNTY COURTHOUSE ROOM
315
1000 MAIN STREET
CINCINNATI OH 45202
A 2600372 D 1

# CERTIFIED MAIL

quadient
FIRST-CLASS MAIL
IMI
$010.29
01/23/2026 ZIP 45202
043M32206940
US POSTAGE

7194 5168 6310 1061 9156

01/23/2026 SUMMONS & COMPLAINT
CLEAN HARBORS INC
CO CT CORPORATION SYSTEM
4400 EASTON COMMONS WY STE 125
COLUMBUS OH 43219

COPY

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

4900 LLC
**PLAINTIFF**

-- vs --

CLEAN HARBORS INC
**DEFENDANT**

Use below number on all future pleadings

No. A 2600372
SUMMONS

CLEAN HARBORS INC
CO CT CORPORATION SYSTEM
4400 EASTON COMMONS WY STE 125
COLUMBUS OH 43219

D - 1

You are notified
that you have been named Defendant(s) in a complaint filed by

4900 LLC
4900 SPRING GROVE AVE
CINCINNATI OH 45232

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, COUNTY COURTHOUSE ROOM 315,**
**1000 MAIN STREET, CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he/she has no attorney of record, a copy of an answer to the complaint within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three (3) days after the service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered against you for the relief demanded in the attached complaint.

Name and Address of attorney
COREY H BUSHLE
1 EAST FOURTH STREET
SUITE 1400
CINCINNATI OH 45202

PAVAN PARIKH
Clerk, Court of Common Pleas
Hamilton County, Ohio

By SCOTT SELLINS
Deputy

Date: January 22, 2026

D147161730

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**January 21, 2026 11:21 AM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1758351**

**4900 LLC** **A 2600372**

**vs.**

**CLEAN HARBORS INC**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 7

EFR200

**COURT OF COMMON PLEAS**

**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **4900, LLC**<br>4900 Spring Grove Avenue<br>Cincinnati, OH 45232<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CLEAN HARBORS, INC.**<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. ______________**<br><br>**(Judge ________________)**<br><br><br><br>**COMPLAINT**<br><br>**[JURY DEMAND ENDORSED HEREON]** |

Plaintiffs 4900, LLC ("4900"), for its Complaint against Defendant Clean Harbors, Inc. ("Clean Harbors") states and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. 4900 is an Ohio limited liability company with its principal place of business located in Cincinnati, Ohio.

2. Upon information and belief, Defendant Clean Harbors is a Massachusetts corporation with its headquarters in Massachusetts.

3. This Court has subject-matter jurisdiction over this action pursuant to the Ohio Constitution and Ohio common law.

4. This Court has personal jurisdiction over Defendant because of its numerous and substantial contacts within the State of Ohio, and because Plaintiff's claims arise from Defendant's transacting business in Hamilton County and causing tortious injury in Hamilton County.

5. Venue is proper in this Court pursuant to Ohio Revised Code and the Ohio Rules of Civil Procedure, because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Hamilton County, and because the Property which is the subject of the action is situated in Hamilton County.

## FACTUAL BACKGROUND

6. 4900 is the owner of real property located at and around 4906 Spring Grove Avenue, Cincinnati, Ohio 45232, Parcel ID 223-0003-0098-00 (the "4900 Property").

7. The 4900 Property consists of several buildings, all of which are historic brick structures used and occupied for commercial and industrial uses.

8. Clean Harbors has an industrial facility across Spring Grove Avenue from the 4900 Property, located at 4879 Spring Grove Avenue, Cincinnati, OH 45232.

9. Adjacent to the 4900 Property is a gravel parking lot located at 4910 Spring Grove Avenue, Cincinnati, Ohio 45232, Parcel ID 223-0003-0102-00 (the "Gravel Lot"). The Gravel Lot is owned by the Baltimore and Ohio Railroad Company ("B&O"), but, upon information and belief, Clean Harbors leases the Gravel Lot from B&O to use as a parking/storing area for trailers. Clean Harbors first began using the Gravel Lot in or around 2021.

10. On information and belief, all trucks that park in the Gravel Lot are owned, leased, or otherwise controlled by Clean Harbors and are driven by Clean Harbors employees acting at the direction and supervision of Clean Harbors by parking in the Gravel Lot.

11. Since Clean Harbors began using the Gravel Lot as a parking area for its trailers, and continuing through the present day, its trailers have repeatedly caused severe damage to the brick façade and structure of the 4900 Property, including the following:

a. In or around February of 2022, while the owner of 4900 was inside the building, a Clean Harbors truck backed into the wall of one of the 4900 buildings, separating the bricks and creating a "stairstep" crack in the masonry.

b. On another occasion sometime after the February 2022 incident, a Clean Harbors truck (or multiple trucks) backed into a concrete loading dock, causing the dock to break apart and bending the metal lip of the dock.

c. On other, untold numbers of occasions, Clean Harbors trucks have backed into the brick wall and cracked, broken, and dislodged masonry, requiring repair.

12. The above incidents have occurred since Clean Harbors began using the Gravel Lot in 2021 and have continued through the present day. Its trucks have struck buildings on the 4900 Property with such frequency that it would be impossible to list every specific instance here.

13. This pattern of trespass came to a head on September 11, 2024, when a Clean Harbors truck backed into an electrical pole that supplied power to half of the 4900 Property, permanently damaging the infrastructure of several buildings and requiring costly repairs to modernize the electrical system, which had previously been "grandfathered in" due to its age.

14. The September 11, 2024 incident led to power being cut off from the buildings in question on the 4900 Property, disabling lighting and security systems designed to prevent vandalism and theft.

15. As a result of the disabling of the security systems, in the following months copper thieves broke into the affected portions of the Property, stealing copper wire, destroying antique equipment, including an original elevator system's control panel for which replacement parts are extremely difficult (and expensive) to obtain.

16. 4900 has also incurred significant expenses for regular security patrols to prevent similar incidents in the future while power has been disabled.

17. 4900's owners have regularly and repeatedly made Clean Harbors aware of this pattern of trespass and damage, from the local Clean Harbors facility personnel all the way up to its national executive officers in Massachusetts.

18. In response, Clean Harbors has made half-hearted attempts to reduce the damage by erecting concrete traffic barriers which are too low and lightweight to stop the massive trailers from simply pushing the barriers back, and striking the 4900 Property anyway.

19. Despite notice and demand, Clean Harbors has refused or failed to correct the problem, implemented failed half-measures to attempt to prevent the damage from recurring, and eventually stopped responding to 4900's requests at all.

**COUNT ONE**
**(Trespass)**

20. Plaintiff incorporates by reference each and every paragraph contained in this Complaint, as if fully restated herein.

21. Clean Harbors performed an unauthorized intentional act, or acts, by repeatedly entering upon the land of 4900 with its trucks and trailers.

22. Clean Harbors' unauthorized intrusions upon 4900's land have caused damage to 4900 by interfering with its use and right of exclusive possession of its property by, among other things, causing structural damage to the buildings and electrical infrastructure on the 4900

Property.

23. Clean Harbors' continued trespass even after multiple warnings and notifications by Plaintiff, and demands to correct the problem, was done with actual malice.

24. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred damages in an amount reasonably believed to exceed $900,000, the precise sum to be proven at the trial of this action.

25. Plaintiff has also incurred special damages in the form of the costs of security personnel, patrols, and the costs to replace and repair the elevator system and copper that was stolen from its Property as a result of the September 11, 2024 incident.

26. As a result of Clean Harbors' actual malice in its trespass, Plaintiff is entitled to punitive damages and its attorneys' fees.

**COUNT TWO**
**(Negligence)**

27. Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

28. Clean Harbors owed a duty to Plaintiff to exercise the degree of care and skill expected of a reasonably competent commercial truck driver in parking on the Gravel Lot.

29. Clean Harbors breached its duty to Plaintiffs and failed to exercise the degree of care and skill expected of a reasonably competent driver acting under similar circumstances.

30. Clean Harbors breached its duty to Plaintiffs on multiple occasions and acted with reckless disregard for the safety of Plaintiffs' Property.

31. Clean Harbors' breaches of duty constitute a gross violation of generally accepted standards.

32. Clean Harbors' multiple breaches of duty constitute gross negligence.

33. As a direct and proximate result of Clean Harbors' gross negligence, Plaintiff has incurred damages in an amount reasonably believed to exceed $900,000, the precise sum to be proven at the trial of this action.

34. Plaintiff has also incurred special damages in the form of the costs of security personnel, patrols, and the costs to replace and repair the elevator system and copper that was stolen from its Property as a result of the September 11, 2024 incident.

35. As a result of Clean Harbors' gross negligence, Plaintiff is entitled to punitive damages and its attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) An award of money damages against Clean Harbors and in favor of Plaintiffs in an amount in excess of $25,000, the precise sum to be proven at the trial of this action;

(b) An award of punitive damages against Defendants in favor of Plaintiffs;

(c) An award of pre- and post-judgment interest, attorneys' fees and costs, and all other expenses in connection with this action, as may be permissible under applicable law;

(d) Trial by jury on all issues so triable pursuant to Rule 38 of the Ohio Rules of Civil Procedure; and

(e) Any and all such other legal and equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Corey H. Bushle*

Steven C. Coffaro (0065116)
Corey H. Bushle (0101220)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: 513-579-6400
Fax: 513-579-6457
steve.coffaro@kmklaw.com
cbushle@kmklaw.com

*Attorneys for Plaintiff, 4900, LLC*

**JURY DEMAND**

Plaintffs hereby request a trial by jury on all issues so triable.

*/s/ Corey H. Bushle*

Corey H. Bushle (0101220)

**INSTRUCTION TO THE CLERK**

Please serve the Summons and Complaint upon Defendants at the addresses listed in the caption of the Complaint by certified mail, return receipt requested, returnable according to law.